IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUN 18 2009

| | | |
|---|---|---|
| John D. Gladney,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 1:09cv536 (JCC/JFA) |
| United States of America,<br>Respondent. | )<br>)<br>) | |

## MEMORANDUM OPINION AND ORDER

John D. Gladney, an inmate confined at the Federal Detention Center at Philadelphia, Pennsylvania, and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Because it is clear from the face of the application that petitioner is not entitled to relief in this Court, this application will be dismissed pursuant to the preliminary consideration provision of Rule 4 of the Rules Governing § 2254 Cases.[1]

I.

The exact nature of petitioner's claim is difficult to discern. Much of the petition consists of a list of what petitioner denominates as "facts" concerning the nature and scope of the jurisdiction of administrative agencies, and the principle that a judicial decision is void in the absence of subject-matter jurisdiction. Petitioner asserts without explanation that he did not sign any contract with the United States, any of its agencies, or this Court, and instead only "wrote [his] name under coercion[,] threats and duress of imprisonment," and he contends that "the question challenging jurisdiction was (Never Waived)" by him. Petitioner states that his purpose in filing this "notice" is "not ... to

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that a United States District Court may apply the Rules Governing § 2254 Cases to other applications for habeas corpus at its discretion. Under Rule 4, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

threaten, coerce, no[r] intimidate ... anyone involved in said case, but to ensure this fraud be uncovered and justice be served...". No clear prayer for relief is stated, except that petitioner puts the Court on notice that unless responses to his questions are forthcoming within ten (10) days, a default and presumption of bad faith on the part of the Court will ensue, and will result in petitioner seeking "judicial remedy for denial of due process of law." Petitioner also asserts, again without explanation, that he is entitled to release because "this court lacks subject-matter jurisdiction."

Moreover, it does not appear that this petitioner has any nexus with the Eastern District of Virginia. Petitioner twice refers to "case no. 3:08-CR-58," but the matter to which that case number was assigned in this district did not involve petitioner. In fact, a check of the court's electronic docket appears to reveal no case other than the instant matter in which petitioner has been a party. On the face of the petition, petitioner identifies himself as a "West Virginia state citizen," and as noted he currently is confined at FDC Philadelphia.

## II.

Habeas corpus relief is appropriate only when a state prisoner attacks the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). No such claim is discernable in the petition under consideration. While district courts have a duty to construe pleadings by pro se litigants liberally, a pro se petitioner must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). As presented, petitioner alleges nothing more than conclusory and largely incomprehensible statements whose relationship to his confinement are not disclosed. Such statements, without more, cannot support a proper § 2241 petition. As petitioner is proceeding pro se, under other circumstances he would be granted an opportunity to amend his petition to attempt to correct these deficiencies, but it is apparent that jurisdiction for any § 2241 claim petitioner may have is improper in the Eastern District of Virginia because petitioner is

confined in the Eastern District of Pennsylvania. 28 U.S.C. § 1391(b). Under the present circumstances, it does appear that the interests of justice require the transfer of this action to that Court.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and a courtesy copy of this Memorandum Opinion and Order and the petition to the United States Attorney for the Eastern District of Virginia on behalf of respondent, pursuant to Rule 4 of the Rules Governing § 2254, and to close this civil case.

Entered this _18_ day of _June_ 2009.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge